IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CONTE GOULD, | ) | CASE NO. 1:04CV2071 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE HEMANN |
| v. | ) | |
| | ) | |
| CASE WESTERN RESERVE | ) | |
| UNIVERSITY, | ) | **MEMORANDUM OF OPINION** |
| | ) | Docket #10 |
| Defendant. | ) | |

This case is before the magistrate judge on consent. Pending is the motion of defendant, Case Western Reserve University ("Case"), to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) ("R. 12(b)(6)"; Docket #10). Plaintiff, Conte Gould ("Gould"), opposes defendant's motion ("Pl. opp."; Docket #17).[1]  For the reasons stated below, the court overrules defendant's motion.

I. Background

The court views the facts, as it must, in the light most favorable to the party opposing the motion. Gould, an African-American male, alleges or does not deny the following facts.

Gould applied for a job at Case as an Audio Video Specialist. He alleges that on

---

[1] Plaintiff, who is proceeding pro se, styled his response "Motion to Continue Case." The court will construe the motion as a brief in opposition. Gould's pleadings are construed liberally, as is appropriate in the case of a party proceeding pro se. *See e.g. Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam) (holding a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers"); *Williams v. Browman*, 981 F.2d 901, 903 (6th Cir. 1992) ([P]ro se pleadings should be construed more liberally than pleadings drafted by lawyers.").

or about April 13, 2002 Case committed a discriminatory act. Case did not contact Gould to tell him that he had not been hired for the position. In the summer of 2002 Gould telephoned the Human Resources Department at Case to ask about the status of his application. Gould contends that the Human Resources Department "was not forthcoming" about the status of his application. Pl. opp. at 1.

Gould accidentally discovered in June 2003 that he had not been hired for the position and that a person whom he believed to be a less qualified white male had been hired for the position. On September 19, 2003 Gould filed a charge of discrimination with the Ohio Civil Rights Commission ("OCRC") and the Equal Employment Opportunity Commission ("EEOC"), alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). The EEOC later issued a right to sue letter, which Gould asserts he received on July 16, 2004. Gould filed this action on October 13, 2004. Case now moves pursuant to R. 12(b)(6) for dismissal of Gould's cause of action.

## II. R. 12(b)(6) motions to dismiss

In deciding a motion to dismiss under R. 12(b)(6), the court must take all well-pleaded allegations in the complaint as true and construe those allegations in a light most favorable to the plaintiff. *Gausmann v. City of Ashland,* 926 F. Supp. 635, 638 (N.D. Ohio 1996) (citations omitted). A well-pleaded allegation is one that alleges specific facts and does not merely rely upon conclusory statements. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988) ("more than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements"), *citing* 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE & PROCEDURE § 1357 at 596 (1969). The court is to dismiss

2

a claim "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Gausmann*, 926 F. Supp. at 638, citing *Hishon v. King & Spaulding,* 467 U.S. 69, 73 (1984). While the complaint must give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests, it need not set down in detail all the particularities of the claim. *Gazette v. City of Pontiac,* 41 F.3d 1061, 1064 (6th Cir. 1994); *Allard v. Weitzman (In re DeLorean Motor Co.),* 991 F.2d 1236, 1240 (6th Cir. 1993). Under this standard

> [a] plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist.

*Scheid*, 859 F.2d at 436 (quoting *O'Brien v. DiGrazia,* 544 F.2d 543, 546 n.3 (1st Cir. 1976), *cert. denied,* 431 U.S. 914 (1977)).

### III. Case's motion to dismiss

Case asserts that Gould fails to state a cause of action because according to the facts which Gould alleges in his complaint his cause of action is barred by the relevant statute of limitations.

Title 42 U.S.C. § 2000e-5(e)(1) ("§ 2000e-5(e)(1)") "specifies with precision" the prerequisites that a Title VII plaintiff must satisfy before filing suit. *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101. 109 (2002) (quoting *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 47 (1974)). A plaintiff usually must file a timely charge of discrimination with the EEOC before filing a Title VII lawsuit. *Alexander v. Local 496, Laborers' Int'l Union of N. Am.,* 177 F.3d 394, 407 (6th Cir. 1999). In deferral states such as Ohio, § 2000e-5(e)(1) requires plaintiffs to file a complaint with the EEOC within 300 days after the occurrence

of the allegedly unlawful employment practice. *National R.R.*, 536 U.S. at 109-10. The limitation period begins to run "[o]nce the employee is aware or reasonably should be aware" of the allegedly unlawful employment decision. *Amini v. Oberlin College*, 259 F.3d 493 (6th Cir. 2001) (quoting *Equal Employment Opportunity Comm'n v. United Parcel Serv.*, 249 F.3d 557, 561-62 (6th Cir. 2001). "[T]he starting date for the 300-day limitations period is when the plaintiff learns of the employment decision itself, not when the plaintiff learns that the employment decision may have been discriminatorily motivated." *Amini*, 259 F.3d 493, 499 (6th Cir. 2001).

In the instant case Gould alleges that on or about April 13, 2002 Case decided not to hire him for impermissible reasons.[2] He did not file a charge of discrimination with the EEOC until September 19, 2003, more than 17 months after the allegedly unlawful employment decision. Case contends, therefore, that Gould's cause of action is barred by the statute of limitations. Gould responds that despite an attempt to learn whether Case had made its employment decision, he did not discover that he had not been hired until June 2003.

The court concludes that there is an issue of fact with respect to when plaintiff reasonably should have known that defendant did not hire him for the position. According to Gould's account he did not learn of Case's decision not to hire him until June 2003, and he filed charges of discrimination with the OCRC and EEOC within three to four months

---

[2] Case erroneously asserts that Gould stated that he "learned he would not be hired by Defendant on April 13, 2002." Def. mot. at 4. The complaint contends, however, that "[t]he discriminatory act(s) occurred on or about April 13, 2002." Complaint (Docket #1), p. 2. Gould elsewhere asserts that the discriminatory act was Case's failure to hire him for the open position. He does *not* say that he learned of Case's decision on April 13, 2002.

of his discovery. Gould also claims that he attempted to learn from Case's Human Resources Department whether a hiring decision had been made but was not given that information. Case does not indicate that plaintiff was given notice of the hiring decision and does not contest plaintiff's assertion that Case was not forthcoming when he attempted to learn its decision by telephone.

Dismissing Gould's case at this point for failure to meet the 300 day deadline would reward Case for failing to disclose the status of Gould's application when Gould inquired into the matter in the summer of 2003 and for failing to disclose its decision to Gould in some other way. Equity forbids allowing a party to keep its employment decisions secret while demanding that the petitions of aggrieved applicants be filed timely.

When Gould reasonably should have known of the decision not to hire him is a question that cannot be answered on the basis of the record currently before the court. The discovery process may reveal that Case publicized its decision in some appropriate way before June 2003 or may reveal other facts which shed new light on the reasonableness of Gould's actions. At this time, however, dismissal for failure to file timely is premature.

IV.

For the reasons given above the court overrules Case's motion for dismissal pursuant to R. 12(b)(6).

Dated: May 11, 2005                         s:\Patricia A. Hemann
                                            Patricia A. Hemann
                                            United States Magistrate Judge